**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LEGAL HELPERS DEBT** | ) | |
| **RESOLUTION, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 12-cv-03055** |
| | ) | |
| **v.** | ) | **Judge Ronald A. Guzman** |
| | ) | |
| **GLOBAL CLIENT SOLUTIONS** | ) | |
| **and CDS CLIENT SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Legal Helpers Debt Resolution, LLC ("Legal Helpers") filed a motion to remand

the case to the Circuit Court of Cook County after defendant CDS Client Services, Inc. ("CDS")

removed the case. For the reasons set forth below, Legal Helpers' amended motion for remand

[10-1] is denied.

**I.      Facts**

On April 23, 2012, Legal Helpers filed for declaratory and injunctive relief against the

defendants in the Circuit Court of Cook County, Illinois. (Verified Compl., Dkt. #10-2.) Legal

Helpers is a law firm that assists its clients with resolving their credit card debt by negotiating

with credit card companies and administering client debt settlement. (*Id*. ¶ 1.) Global Client

Solutions ("Global") is a payment processing company used by more than 14,000 of Legal

Helpers' clients to deposit funds from their individual bank accounts into a single client-

dedicated account to pay creditors of the client when settlement has been reached. (*Id*. ¶ 2.)

Legal Helpers used CDS, an outside administrator, to assist Legal Helpers with marketing its

services and providing administrative support. (*Id.* ¶ 3.) Legal Helpers recently began performing these administrative services itself.

As part of its administrative function, CDS typically facilitated the set up of the relationship between Global, the client, and Legal Helpers. (*Id.* ¶ 4.) Legal Helpers alleges that CDS set up most of the client accounts properly. (*Id.* ¶ 5.) According to Legal Helpers, however, for approximately 4,000 of its clients, CDS did not set up the account properly because it failed to designate Legal Helpers as having control of those accounts. (*Id.*) Legal Helpers alleges that because state bar regulations governing attorney-client relationships require Legal Helpers to control client trust accounts, it brought the instant suit to correct this designation on these Global accounts to show that Legal Helpers, and not CDS, controls (*i.e.*, was the "sponsor" of) these accounts. (*Id.* ¶¶ 5-6.)

On April 25, 2012, CDS removed the action to this Court based on diversity jurisdiction. Legal Helpers does not dispute the diversity of the three parties; rather, it seeks to remand the case because Global did not consent to CDS's removal. CDS contends that because Global is a nominal party, its consent is not necessary. Legal Helpers counters that Global's consent is required because Global is a necessary party to the instant lawsuit.

## II. Analysis

The party seeking removal has the burden of showing proper federal jurisdiction, and any defect in the removal procedure generally requires remand. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (overruled on other grounds by *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)). "Courts may look outside the complaint when considering a motion to remand, and the removability of a case is determined from the record as a whole."

*Kroupa v. Garbus*, 583 F. Supp. 2d 949, 950 n.1 (N.D. Ill. 2008) (citing *Harmon v. OKI Sys.*, 115 F.3d 477, 479–80 (7th Cir. 1997)). If there is doubt regarding the right to removal, then the federal court should remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Generally, all defendants must join in or consent to a removal petition to effect a proper removal. 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."). Nominal parties, however, do not need to join a petition for removal. *Shaw*, 994 F.2d at 369; *Ryan v. State Bd. of Elections*, 661 F.2d 1130, 1134 (7th Cir. 1981). A nominal party is a party without a real interest in the subject matter being litigated and can be joined merely as a means of facilitating collection of the disputed subject matter. *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). *See also Alberto-Culver Co. v. Sunstar, Inc.*, No. 01 C 5825, 2001 WL 1249055, at *2 (N.D. Ill. Oct 17, 2001) ("Nominal parties are mere stakeholders or depositories of the subject matter in dispute and have no interest in the result of the litigation."). The nominal party's relation to the suit is "merely incidental and it is of no moment [to the nominal party] whether the one or the other side in [the] controversy succeed[s]." *Cherif*, 933 F.2d at 414 (citation and internal quotation marks omitted) (alterations in original); s*ee also Shaw*, 994 F.2d at 369 ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."). Conversely, a necessary party, or required party, is a party that must be joined if "in that person's absence, the court cannot accord complete relief among existing parties."[1] Fed. R. Civ. P. 19(a)(1)(A). The Seventh Circuit has

---

[1] Fed. R. Civ. P. 19(a)(1)(B) provides that a person "must be joined as a party if that person claims an interest relating to the subject of the action." This portion of the rule is not at issue because, as discussed below, Global claims no interest relating to the subject matter of the

stated that "[b]y definition a nominal defendant cannot be a 'necessary' or 'indispensible' party, as those terms are used in Fed. R. Civ. P. 19." *Cherif*, 933 F.2d at 414 n.13 (citing *Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 188–200 (1924)).

Despite Legal Helpers' assertion that Global is a necessary party to this litigation, its own allegations support the conclusion that Global is a nominal party. For example, Legal Helpers alleges that CDS "typically facilitated the set up of the relationship between Global, the client and Legal Helpers," and "[t]his lawsuit is brought to correct the 'set-up' of the Clients' accounts." (Verified Compl., Dkt. # 10-2, at ¶¶ 4, 6.) Further, it alleges that "an actual controversy exists . . . regarding whether Legal Helpers or CDS should direct, control and manage the Clients' accounts with Global." (*Id.* at ¶ 31.) Thus, as framed by Legal Helpers itself, Global's role is "merely incidental." *Cherif*, 933 F.2d at 414 (internal citations omitted). As a result, Global is a nominal party and did not need to consent to removal.

Global's asserted position further supports its peripheral status in the suit. Global's counsel has indicated that it "intends to remain neutral and leave this matter to the companies and/or courts for the ultimate determination as to the dispute," and that it will "defer to the decision of the court." (David Henson Decl., Dkt. # 12-1, ¶ 29, Ex. 7, Email from Global's general counsel to plaintiff's counsel (Apr. 24, 2012).) Because Global has not aligned itself with either Legal Helpers or CDS, it is a nominal party. *See Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1337 (N.D. Ill. 1994) (finding that a bank that did not align itself with either party to the suit, and is indifferent to the outcome, is properly called a nominal party).

Legal Helpers' contention that Global's role is more than that of a nominal depository is

action.

4

unpersuasive. According to Legal Helpers, Global not only holds funds, but also directs payments and sends fees. (Pl.'s Reply, Dkt. # 22, at 3.) However, while Global plays a more active role than a simple depository, it is not a role that gives Global a real interest in the litigation, nor does it compel Global to favor a particular disposition. Regardless of the outcome of the dispute, Global will remain a "payment processing company used . . . to pay creditors of the client when settlement is achieved." (Verified Compl., Dkt. # 10-2, at ¶ 2.) *See Alberto-Culver*, 2001 WL 1249055, at **3-4 (finding that a bank acting as a trustee was a nominal party despite its ability to bring infringement suits, transfer trademarks, and suspend the rights of the defendant to use the marks); *Selfix*, F. Supp. at 1336–37 (stating that simply because bank had a direct obligation to pay on letters of credit did not mean it was directly interested in the dispute between the parties). Global is merely awaiting a determination of who has control over the disputed accounts, and it will take direction from whomever the account "sponsor" is determined to be. (David Henson Decl., Dkt. # 12-1, ¶ 29, Ex. 7, Email from Global's general counsel to plaintiff's counsel (Apr. 24, 2012).)

Legal Helpers further contends that a court-ordered injunction against CDS will not obligate Global to any action and therefore cannot be a nominal party. (Pl.'s Reply Supp. Mot. Remand, Dkt. # 22, at 4.) As the Seventh Circuit noted in *Cherif*, a nominal party can still be a named party. 933 F.2d at 414 ("Because the nominal defendant is a 'trustee, agent or depositary,' . . . he must often be joined purely as a means of facilitating collection. The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved.") Moreover, pursuant to Federal Rule of Civil Procedure 65, an injunction binds "(A) the parties; (B) the parties' offices, agents, servants, employees, and

attorneys; and (C) other persons who are in active concert or participation with anyone described [above]." Fed. R. Civ. P. 65(d)(2). A party is in "active concert" with an enjoined party if that party "aids or abets an enjoined party in violating [the] injunction." *Blockowicz v. Williams*, 630 F.3d 563, 567 (7th Cir. 2010) (alteration in original) (internal citation omitted). Thus, not only is Global in "participation" with CDS on the accounts, but Global would be bound by the injunction should it "aid or abet" CDS in violating the terms of the injunction.

Because Global is a nominal party whose removal consent is unnecessary, removal was proper.

**III.    Conclusion**

For the reasons stated above, Legal Helpers' amended motion for remand [10-1] is denied.

**Date:** July 23, 2012

_____
**United States District Judge**
**Ronald A. Guzman**