# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3055 | **DATE** | 9/17/2012 |
| **CASE TITLE** | *Legal Helpers Debt Resolution, L.L.C. v. CDS Client Services, Inc. et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to stay [31] is granted. This action is stayed pending resolution of the California Action and is placed on the Court's suspense docket. The parties shall, within five days of any relevant order, inform this Court of proceedings in the California court which will affect the stay issued by this Court. Answers by CDS and GCS in the instant action are due within 14 days of the stay being lifted.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

CDS Client Services, Inc. ("CDS") moves to stay the instant action in favor of a first-filed California state court action. For the reasons stated below, the motion is granted.

**Background**

Legal Helpers Debt Resolution, LLC is a law firm that assists its clients with resolving their credit card debt by negotiating with credit card companies and administering client debt settlement. (Verified Compl., Dkt. # 10-2, ¶ 1.) Legal Helpers used CDS, an outside administrator, to assist it with marketing its services and providing administrative servicing and support for the debt settlement clients. (*Id*. ¶ 3.) After a dispute between Legal Helpers and CDS (as well as Legal Helpers' other outside administrators) regarding the payment for settlements in unrelated lawsuits, Legal Helpers terminated its contracts with its outside administrators, including CDS.

As part of its administrative function, CDS typically facilitated setting up the relationship between the debt settlement clients and Legal Helpers. (*Id*. ¶ 4.) Legal Helpers alleges that CDS set up most of the client accounts properly. (*Id*. ¶ 5.) According to Legal Helpers, however, for approximately 4,000 of its clients, CDS did not set up the account properly because it failed to designate Legal Helpers as having control of those accounts. (*Id*.) Legal Helpers alleges that state bar regulations governing attorney-client relationships require Legal Helpers to control the debt settlement client accounts. Thus, it filed the instant suit (the "Illinois Action") on April 12, 2012,[1] to correct the designation on these accounts to establish that Legal Helpers, and not CDS, controls the accounts. (*Id*. ¶¶ 5-6.) In the instant case, Legal Helpers seeks a declaration that it has control over the disputed debt settlement accounts, and further seeks temporary and permanent injunctive relief to that effect.

# STATEMENT

In the California state court action ("the California Action"), filed on March 28, 2012, another of Legal Helpers' outside administrators brought suit to prevent Legal Helpers from terminating their relationship. (Def.'s Motion Stay, Dkt. # 31, at 3.) On March 30, 2012, Legal Helpers sent a letter to all of its outside administrators, including CDS, terminating their contracts on the ground of breach of contract. (*Id.*) On April 2, 2012, CDS joined the California Action.

**Analysis**

The Court notes at the outset the Supreme Court's admonishment that in addressing abstention, the task of the district court "is not to find some substantial reason for the *exercise* of federal jurisdiction" but instead "to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of that jurisdiction." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1993) (emphasis in original)). Abstention is appropriate under *Colorado River* if the state and federal actions are parallel, exceptional circumstances warrant a stay and a stay would promote "wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). If the Court determines that the actions are parallel, then it must weigh the following factors in deciding whether to abstain:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Huon*, 657 F.3d at 647-48 (citation omitted).

A.  <u>Are the Suits Parallel</u>?

Generally, two suits are parallel when they "involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer v. City of S. Beloit*, 456 F.3d 744, 752 (7th Cir. 2006). Even if they are not entirely symmetrical, cases are parallel if there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Constr. v. Brant Constr.*, 780 F.2d 691, 695 (7th Cir. 1985).

As noted above, on March 28, 2012, one of Legal Helpers' administrators, JEM Group, Inc. ("JEM"), filed the California Action in an attempt to prevent Legal Helpers from terminating their contractual relationship and to have the court declare the rights and obligations of the parties. When Legal Helpers terminated its contracts with all of its administrators (including JEM and CDS) on March 30, 2012, CDS joined in the California Action on April 2, 2012 by filing a first amended complaint ("FAC"). (Dkt. # 12-7.) The FAC in the California state action seeks declaratory relief as to whether Legal Helpers' termination of the contracts with JEM and CDS was lawful and who had control over the client accounts. The FAC also seeks injunctive relief prohibiting Legal Helpers from taking control over all of the client accounts.

On April 23, 2012, Legal Helpers then filed the instant action in the Circuit Court of Cook County

seeking declaratory and injunctive relief regarding who has control over the client accounts. After the California court denied the plaintiffs' motion for a temporary restraining order and a preliminary injunction, CDS filed a second amended complaint in the California state action on June 29, 2012. On July 23, 2012, Legal Helpers filed a cross-complaint against CDS and others alleging that a "binding judicial declaration is necessary and appropriate to determine the respective rights and interests of the parties under their respective agreements." (Dkt. # 31-1 ¶ 41.)

The suits involve the same parties, Legal Helpers and CDS. While the California action does not name Global Client Solutions, LLC, which is named as a defendant in the instant case, the Court has already concluded in denying Legal Helper's motion to remand that GCS is a nominal party and its inclusion will not affect the outcome of the case. Moreover, the "mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Int'l., Inc. v. Nimelias Enters.,* 250 F.3d 510, 518 (7th Cir. 2001). The requirement is that the parties be "*substantially* the same – not completely identical." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (emphasis in original).

In addition, both actions stem from the same facts–the contractual relationship between Legal Helpers and its outside administrators. Specifically, in the California Action, CDS and JEM seek a judicial declaration as to whether Legal Helpers can divert the debt settlement clients away from CDS and JEM (Dkt. # 33-1, ¶ 70) as well as an injunction preventing Legal Helpers from transferring, moving or otherwise interfering with certain debt settlement clients. (*Id*. ¶ 74i.) Similarly, in the instant action, Legal Helpers alleges that "an actual controversy exists between Legal Helpers, CDS and Global regarding whether Legal Helpers or CDS should direct, control and manage the Clients' accounts with [GCS]." (Dkt. # 1-1, ¶ 31.) It seeks declaratory relief requiring GCS, which actually services certain client debt settlement accounts, to take direction from Legal Helpers, and not CDS, regarding the disputed client accounts. (*Id*. ¶ 14, Prayers for Relief, at 7-8.) Thus, resolution of the California Action will resolve the claims in the instant case.

According to Legal Helpers, because the California court denied CDS's motion for a temporary restraining order on the ground that the California Civil Code forbids an injunction to prevent a breach of contract, the California court will not address CDS's claims for injunctive relief, and thus, the California Action will not dispose of all claims presented in the instant case. But, as CDS notes, the California court had set a date for CDS's request for a preliminary injunction. (Dkt. #32-1 at 2). Although that date was stricken, the claim remains pending.

The Court concludes that the actions are parallel.

B. Do Circumstances Warrant a Stay?

Because the Court concludes that the actions are parallel, it moves on to address the list of non-exhaustive factors listed above. "No single factor is determinative, and the weight given to any particular factor will vary depending on the circumstances of the case." *Corus Bank, N.A. v. de Guardiola*, 593 F. Supp. 2d 991, 994 (N.D. Ill. 2008). The factors are to be "'applied in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Id*. (citation omitted). Legal Helpers does not address these factors in its response to the motion to stay.

*Whether the state has assumed jurisdiction over property*. The California court has not assumed jurisdiction over property, so this factor is neutral.

## STATEMENT

*Inconvenience of the federal forum.* The federal forum is inconvenient to CDS, which is organized under the laws of California with its principal place of business located in California. (Dkt. #1, ¶ 5.) Thus, this factor weighs in favor of abstention.

*Desirability of avoiding piecemeal litigation.* "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) (citation and internal quotation marks omitted). As noted above, both this Court and the California court are considering the same issues. "[A]llowing the two suits to proceed concurrently would waste the parties' resources, risk duplicative rulings and reward a strategic gamesmanship that has no place in a dual system of federal and state courts." *Tyrer,* 456 F.3d at 756. Accordingly, this factor weighs in favor of abstention.

*Order in which jurisdiction was obtained.* Because the California case was the first to be filed, this factor also weighs in favor of a stay.

*Source of governing law.* While Neither CDS nor Legal Helpers identifies specifically the source of governing law, it is not federal. "Since there is no federal law at issue, the federal forum is no more preferable for purposes of abstention." *Corus Bank*, 593 F. Supp. 2d at 995. While Legal Helpers states in its opposition to CDS's motion for a temporary restraining order in the California Action that New York law "arguably applies" to the contract claims (Dkt. #19-2, at 6), it does not contend that Illinois law applies. Thus, this factor too weighs in favor of a stay.

*Adequacy of the state court action to protect federal plaintiff's rights.* Nothing suggests that the California court is not adequate to protect Legal Helpers' rights. *Tyrer*, 456 F.3d at 757 (the "insinuation that [state court] will not live up to the standard of full and fair adjudication of the issues 'is pure speculation that we expressly disavow.'") (citation omitted). This factor favors abstention.

*Relative progress of state and federal proceedings.* In the California Action, the judge ruled on a motion for a temporary restraining order, discovery is underway and the court set a March 2013 trial date. Here, a discovery schedule has not been set and the parties jointly requested permission to postpone discovery until a ruling on the motion to stay. Because the California Action has progressed further than this one, this factor weighs in favor of abstention.

*Presence or absence of concurrent jurisdiction.* Both this Court and the California court have jurisdiction over the claims. Thus, staying the instant case will not leave Legal Helpers without a remedy. "[T]he availability of concurrent jurisdiction weigh[s] in favor of a stay." *Clark,* 376 F.3d at 688.

*Availability of removal.* The California Action cannot be removed to federal court because Legal Helpers and CDS' co-plaintiffs are both citizens of Nevada (Dkt. #12-7, ¶ 4), and thus are not diverse. Accordingly, this factor weighs in favor a stay because of the "policy against hearing a federal claim which is related to ongoing non-removable state proceedings." *Day v. Union Mines Inc.*, 862 F.2d 652, 659-60 (7th Cir. 1988).

*The vexatious or contrived nature of the federal claim.* CDS does not contend that the claims proceeding in this Court are either vexatious or contrived. Thus, this factor is neutral.

Upon review of the factors, the majority of which favor abstention, the Court deems a stay appropriate

| STATEMENT |
|---|
| in this case. This action is stayed pending resolution of the California Action and is placed on the Court's suspense docket. The parties shall, within five days of any relevant orders by the California court, inform this Court of proceedings in the California court which will affect the stay issued by this Court. Answers by CDS and GCS in the instant action are due within 14 days of the stay being lifted. |

1. After Legal Helpers filed its complaint in the Circuit Court of Cook County, the defendants timely removed it to this Court.